**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BRADLEY LANE CROFT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **SA-25-CV-700-JKP** |
| | § | |
| **GREGORY SUROVIC, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER OF DISMISSAL**

Before the Court is *pro se* Plaintiff Bradley Lane Croft's "Amended Complaint in Response to Show Cause Order" ("Amended Complaint"). (ECF No. 5). Croft, who is presently confined at the Cross Point Halfway House, is proceeding *in forma pauperis* (IFP) pursuant to the Prison Litigation Reform Act (PLRA). After review, the Court finds that the Complaint is dismissed as frivolous.

**BACKGROUND**

A. *United States v. Croft*, 5:18-cr-603-DAE-1

In a superseding indictment, a federal grand jury charged Croft with eight counts of wire fraud in violation of 18 U.S.C. § 1343, four counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), two separate counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A), (a)(1)(B), and (a)(2), and two counts of making a false tax return in violation of 26 U.S.C. § 7206(1). Croft retained attorney Thomas J. McHugh to represent him. Croft proceeded to a bench trial before United States District Judge David A. Ezra that commenced October 8, 2019. Judge Ezra found Croft guilty of all counts and held a sentencing hearing on April 30, 2021, at which he sentenced Croft to 118 total months of imprisonment and three years

of supervised release. The Fifth Circuit Court of Appeals affirmed the judgment on May 24, 2022. On June 20, 2023, the Supreme Court vacated the judgment affirming Croft's convictions and remanded for further consideration in light of *Dubin v. United States*, 599 U.S. 110, 131 (2023) (articulating a new standard for convictions under § 1028A). On December 1, 2023, the Fifth Circuit affirmed Croft's convictions and sentences for the four aggravated identity theft counts in light of *Dubin*. The remaining convictions were not challenged on remand. On April 1, 2024, the Supreme Court denied Croft's petition for a writ of certiorari.

Croft filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and, thereafter, an Amendment/Supplement to the § 2255 motion. On October 29, 2025, Judge Ezra denied the § 2255 motion, dismissed in part as time-barred and denied in part the Amendment/Supplement to the § 2255 motion, and denied a certificate of appealability. On June 29, 2026, the Fifth Circuit Court of Appeals denied Croft's motion seeking a certificate of appealability. *See United States v. Croft*, No. 25-50957, ECF No. 70 (5th Cir. June 29, 2026).

B. Civil rights action

On June 23, 2025, Croft filed a *pro se* "Complaint Under 42 U.S.C. § 1983 and Bivens for Fraud on the Court and Concealed Conflict of Interest," which included numerous attachments and an application to proceed IFP. (ECF No. 6). United States Magistrate Judge Henry J. Bemporad issued an order granting Croft permission to proceed IFP but requiring Croft to show-cause why his Complaint is not barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

(ECF No. 3).[1] Thereafter, Croft filed the pending Amended Complaint, which he describes as an "action [] brought under 42 U.S.C. § 1983 to vindicate [Croft]'s constitutional right to conflict-free legal representation, due process, and access to a fair trial." (ECF No. 5 at 1).

The Amended Complaint names the following Defendants: 1) Assistant United States Attorney Gregory Surovic ("AUSA Surovic"), who was the "lead" AUSA in Croft's criminal prosecution; 2) Thomas McHugh, Croft's trial counsel;[2] 3) Fred Olivares, "a former FBI Special Agent, [who] acted as an investigator for the defense while maintaining personal and professional ties to DOJ and the original case agent;" and 4) William Brooks, an attorney who served as co-counsel to McHugh in Croft's criminal trial. (*Id.*).

In the Amended Complaint, Croft alleges that Olivares previously served in a supervisory role in the FBI's San Antonio field office. The Court understands Croft to allege that Olivares supervised the original case agent assigned to Croft's criminal case and shared professional responsibilities with Department of Justice officials who later appeared as prosecutors in Croft's criminal case. Croft alleges that, despite this purported conflict of interest, Olivares "was brought into [Croft]'s defense team as a paid investigator." (*Id.* at 2). Croft alleges that no waiver of the conflict "was requested" and no disclosure of the conflict was brought to the Court's attention. (*Id.*). Croft asserts that, despite being aware of the conflict, AUSA Surovic "permitted the arrangement to proceed." (*Id.*). Croft alleges that, as a result of the conflict, he was deprived of his

[1] This Court later vacated ECF No. 3 because it did not take into account Croft's status as an inmate. (ECF No. 8). This Court further indicated that it would review the original and Amended Complaints to determine whether another show cause order is appropriate. Upon review of the pleadings, the Court finds that another show-cause order is not necessary.

[2] Croft states that McHugh was court-appointed, however McHugh's notice of appearance of counsel reflects that Croft retained him. *See United States v. Croft*, 5:18-cr-603-DAE-1, ECF No. 24.

Sixth Amendment right to conflict-free counsel and of meaningful adversarial testing of the Government's case. He further alleges that the "collusion between the prosecution and defense" violated his due process rights under the Fifth Amendment. (*Id.*).

Croft asserts three claims for relief. In Count One, Croft alleges that McHugh, Brooks, and Olivares deprived him of his Sixth Amendment right to conflict-free counsel by "knowingly participat[ing] in an arrangement that placed a compromised former FBI supervisor inside [his] defense team." (*Id.*). In Count Two, Croft alleges that AUSA Surovic and Olivares engaged in a civil conspiracy under § 1983 "to conceal the nature of their relationship, misle[a]d the court by omission, and enable[] constitutional violations." (*Id.*). In Count Three, Croft alleges that AUSA Surovic and Olivares violated Croft's right to due process and a fair trial by "knowingly permitting false testimony and concealing conflicts of interest." (*Id.*). Croft seeks a declaratory judgment that his constitutional rights were violated, compensatory and punitive damages in an amount to be determined by a jury, court costs, and "[a]ny further relief this Court deems just and proper." (*Id.*).

## APPLICABLE LAW

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint — or any portion thereof — if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

A complaint is frivolous if "it lacks any arguable basis in law or fact." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Id.* A complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## DISCUSSION

Croft's claims are barred by the Supreme Court's decision in *Heck*. In *Heck*, the Supreme Court held that a § 1983 claim for which monetary damages are sought and that necessarily implies the invalidity of the plaintiff's conviction or imprisonment does not accrue, i.e., is barred, until the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. Thereafter, in *Wilkinson v. Dotson*, the Supreme Court held that a prisoner's § 1983 claims are "barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. 74, 81–82 (2005). A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question. *Boyd v. Biggers,* 31 F.3d 279, 283 (5th Cir. 1994). The Fifth Circuit has applied *Heck* to claims pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Ortiz-Lopez v. Fed. Bureau of Prisons, Dir.*, 830 F. App'x 127, 133 (5th Cir. 2020); *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994).

Success on Croft's claims of constitutional violations occurring during his criminal trial would imply the unlawfulness of Croft's underlying criminal convictions. Because Croft has failed to allege or demonstrate that his convictions have "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," his claims are not cognizable.

Croft asserts that the *Heck*-bar is inapplicable because he "does not challenge the validity of his underlying conviction in this suit. Instead, he seeks damages and declaratory relief for independent violations committed by federal actors and private individuals acting jointly under color of law." (ECF No. 5 at 3). Even though Croft does not directly challenge the validity of his

underlying criminal convictions, success on his claims would nevertheless imply the invalidity of those convictions. Because Croft seeks to recover damages for an allegedly unconstitutional conviction that has not been reversed on appeal or in a post-conviction proceeding, his claims are barred by *Heck*. Accordingly, the claims are dismissed with prejudice until such time as Croft satisfies the conditions set forth in *Heck*.

## CONCLUSION

Croft was given an opportunity to amend his original Complaint to correct the deficiencies described in the Court's show-cause Order but failed to correct them. Based on the foregoing analysis, the Court finds Croft's claims are barred by *Heck*. Accordingly, the Complaint is dismissed as frivolous until such time as Croft satisfies the conditions set forth in *Heck*.

**IT IS THEREFORE ORDERED** that Croft's Amended Complaint (ECF No. 5) is **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). This dismissal counts as a strike for purposes of § 1915(g).

It is so **ORDERED**.

**SIGNED** on this 31st day of August 2026.

Jason Pulliam

JASON K. PULLIAM
UNITED STATES DISTRICT JUDGE